IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RED LABEL MUSIC PUBLISHING, INC., an Illinois corporation; and RENAISSANCE MARKETING CORPORATION, an Illinois corporation,<br><br>                Plaintiffs,<br>v.<br><br>FOX SPORTS INTERACTIVE MEDIA, LLC, a Delaware limited liability company; FOX NEWS NETWORK, LLC, a Delaware limited liability company; FOX TELEVISION STATIONS, LLC, a Delaware limited liability company; FOX TELEVISION STATIONS, INC., a Delaware corporation; NEW FOX, INC., a Delaware corporation; NEW FOX HOLDINGS LLC, a Delaware limited liability company; and NEW FOX CB LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No. 1:18-cv-7798<br><br>Honorable Judge:<br><br>Magistrate Judge:<br><br>JURY DEMANDED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

The Plaintiffs, RED LABEL MUSIC PUBLISHING, INC. and RENAISSANCE MARKETING CORPORATION, by their attorneys, Gregg Minkow of Minkow & Bergman, Ltd. and Samuel G. Levin, complain as follows of the Defendants, FOX SPORTS INTERACTIVE MEDIA, LLC; FOX NEWS NETWORK, LLC; FOX TELEVISION STATIONS, LLC; FOX TELEVISION STATIONS, INC.; NEW FOX, INC.; NEW FOX HOLDINGS LLC; and NEW FOX CB LLC:

**SUMMARY OF CASE**

1. This action is brought against various Fox companies by the owner of the copyrights in the words, music, sound recording, and music video known as the "Super Bowl Shuffle" (also referred to as the "Shuffle"), Red Label Music Publishing, Inc. ("Red Label"), and

1

by Red Label's licensing agent, Renaissance Marketing Corporation ("Renaissance"), for reproduction, display and performance of substantial portions of the words, music, sound recording, and music video without permission from Red Label and Renaissance despite the Fox companies' knowledge that Red Label and renaissance owned rights that were being infringed.

## PARTIES

2. Plaintiff Red Label Music Publishing, Inc. ("Red Label") is a corporation organized under the laws of the State of Illinois with its registered office in Chicago, Illinois. Red Label is the owner of the copyrights in the words, music, sound recording, and audio-visual work known as the Super Bowl Shuffle, pursuant to United States Copyright Office registration numbers Pau 793 097 (words and music), SR 77 602 (sound recording), and PA 290 856 (audio visual work), V2486P131 (assignment), and V3608D238 (assignment).

3. Plaintiff Renaissance Marketing Corporation ("Renaissance") is a corporation organized under the laws of the State of Illinois with its registered office in Chicago, Illinois. Julia Meyer ("Meyer"), widow of the Shuffle's co-author and producer, Richard Meyer, is the owner of both Red Label and Renaissance. Renaissance is the exclusive agent authorized by Red Label to issue copyright licenses to parties like the Defendants for inclusion of the Super Bowl Shuffle words, music, sound recording or audio visual work pursuant to Renaissance's agreement with Red Label.

4. Defendant Fox Sports Interactive Media, LLC (sometimes referred to herein as "FSIM") is a Delaware limited liability company with principal offices at 10201 West Pico Boulevard, Building 101, Los Angeles, California 90035.

5. Defendant Fox News Network, LLC (sometimes referred to herein as "FNN") is a Delaware limited liability company with principal offices at 1121 Avenue of the Americas, New York, New York 10036. On information and belief, FNN does business in part as Fox News

Channel and at all relevant times produced, distributed, and broadcast its "Fox & Friends" morning show and the related Internet-viewable "After the Show Show."

6. Defendant Fox Television Stations, LLC (sometimes referred to herein as "FTS LLC") is a Delaware limited liability company with principal offices at 1121 Avenue of the Americas, New York, New York 10036. On information and belief, FTS LLC does business in part as Fox 46 in Charlotte, North Carolina.

7. Defendant Fox Television Stations, Inc. (sometimes referred to herein as "FTS Inc.") is a Delaware corporation with principal offices at 1999 South Bundy Drive, Los Angeles, California 90025. On information and belief, FTS Inc. does business in part as Fox 46 in Charlotte, North Carolina.

8. Defendant New Fox, Inc. (sometimes referred to herein as "New Fox Inc.") is a Delaware corporation with principal offices at 1121 Avenue of the Americas, New York, New York 10036. On information and belief, New Fox Inc. acquired rights and obligations in connection with the "Fox & Friends" morning show, the related Internet-viewable "After the Show Show," and Fox 46 in Charlotte, North Carolina.

9. Defendant New Fox Holdings LLC (sometimes referred to herein as "New Fox Holdings") is a Delaware limited liability company with principal offices at 1121 Avenue of the Americas, New York, New York 10036. On information and belief, New Fox Holdings acquired rights and obligations in connection with the "Fox & Friends" morning show, the related Internet-viewable "After the Show Show," and Fox 46 in Charlotte, North Carolina.

10. Defendant New Fox CB LLC (sometimes referred to herein as "New Fox CB") is a Delaware limited liability company with principal offices at 1121 Avenue of the Americas, New York, New York 10036. On information and belief, New Fox CB acquired rights and

obligations in connection with the "Fox & Friends" morning show, the related Internet-viewable "After the Show Show," and Fox 46 in Charlotte, North Carolina.

## JURISDICTION AND VENUE

11. This is a civil action arising under the federal Copyright Act (at 17 U.S.C. § 101 *et seq.*).

12. This Court has original and subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendants, pursuant to 735 ILCS 5/2-209 (the Illinois Long-Arm Statute) and other applicable law, because, among other things, all of the Defendants are doing business in the State of Illinois and in this judicial district on a regular basis and maintain offices in the State of Illinois and in this judicial district; the acts of infringement complained of herein occurred at least partially in the State of Illinois and in this judicial district; Defendants have caused injury to be suffered by Plaintiffs and their intellectual property within the State of Illinois and this judicial district, which was foreseeable to each Defendant; and the Defendants purposely directed their respective infringing and otherwise wrongful activities to audiences within the State of Illinois and this judicial district.

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), 1391(c)(1) and (2), 1391(d), and 1400(a).

## FEDERAL COPYRIGHT INFRINGEMENT

15. Since 2011 and earlier, pursuant to the Copyright Act (at 17 U.S.C. § 106), Red Label has been the sole owner of those copyrights, and along with Renaissance, the only persons lawfully authorized to grant licenses to reproduce, perform or display them in films, television shows, and the like.

16. All the Defendants were on constructive notice of Red Label's exclusive rights by

reason of their registration with the Copyright Office years before the infringements occurred, and had actual knowledge of those rights by reason of prior interactions pertaining to the Shuffle between Meyer and Renaissance, on the one hand, and one or more of FSIM, FNN, FTS LLC and FTS Inc., which have had representation in common, on the other hand.

17. Despite such constructive and actual knowledge of the Plaintiffs' exclusive rights, and that the Defendants had not been granted a license thereunder:

   a. FSIM infringed the Plaintiffs' copyrights by reproducing substantial portions of the Shuffle music video, sound recording, words and music and selling, distributing, displaying, and performing those excerpts, and/or arranging for their reproduction, performance, display, distribution and sale, and making the infringing work available at the following website:

   - http://www.foxsports.com/nfl/story/national-football-league-chicago-bears-super-bowl-shuffle-30-years-120315,

   which also enabled playing the full music video on that site, and facilitated sharing via Facebook and otherwise;

   b. FNN infringed the Plaintiffs' copyrights by reproducing substantial portions of the Shuffle sound recording, words and music and selling, distributing, displaying, and performing those excerpts, and/or arranging for their reproduction, performance, display, distribution and sale, via live telecast and making the telecast and Shuffle excerpts available at the following websites:

   - http://video.foxnews.com/v/4736300632001/after-the-show-show-the-super-bowl-shuffle/?#sp=watch-live,
   - http://video.foxnews.com/v/4736300632001/?#sp=show-clips, and

- http://nation.foxnews.com/2016/02/06/watch-super-bowl-shuffle-fox-friends-after-show-show-style,

at least the first two of which sites facilitated sharing via Facebook and otherwise, and at least the third of which sites also on information and belief enabled playing of the music video; and

c. FTS LLC and/or FTS Inc. infringed the Plaintiffs' copyrights by reproducing substantial portions of the Shuffle music video (and still images therefrom), sound recording, words and music and selling, distributing, displaying, and performing those excerpts, and/or arranging for their reproduction, performance, display, distribution and sale, via live telecast on Fox 46 (a television station in Charlotte, North Carolina), and making the prior telecast, Shuffle excerpts and still images available at the following website:

- http://www.fox46charlotte.com/sports/46844664-story,

which site facilitated sharing via Facebook and otherwise.

18. All of the above occurred without the permission of or any license from either of the Plaintiffs, and was in violation of the Plaintiffs' exclusive copyrights.

19. Through their conduct described herein, each of the Defendants has infringed Red Label's copyrights in the Super Bowl Shuffle words, music, sound recording and (where indicated above) music video or audio-visual work in violation of the Copyright Act, at 17 U.S.C. §§ 106 and 501.

20. Plaintiffs became aware of the above infringements in 2016.

21. On April 22, 2016, an attorney on Plaintiffs' behalf notified an attorney from Fox Group Legal (at 2121 Avenue of the Stars, Suite 700, Los Angeles, California 90067) of the

foregoing infringements, in writing, but all the infringements continued for a substantial period of time thereafter on the websites shown above.

22. Indeed, the infringing After The Show Show telecast, and ability to share the telecast (via at least Facebook and Twitter), remain available at one of the above websites currently, without permission from the Plaintiffs.

23. Likewise, the infringing Fox 46 telecast, still images, and ability to share the telecast and still images via Facebook, Twitter, Google+ and otherwise, also remain available at the above-indicated website currently, without permission from the Plaintiffs.

24. The Fox 46 telecast when played on the above-indicated website is preceded by a changing inventory of video advertisements.

25. Meanwhile, the above-indicated FSIM website, one or more of the FNN websites, and the FTS website have been vehicles for advertising either third-party products or other Fox programming, which ads appear on such sites.

26. On information and belief, by reason of the terms of the 2018 separation of various 20th Century Fox assets in connection with the purchase that year of certain other assets by the Walt Disney Company, rights and liabilities pertaining to the activities referenced above as infringing were assigned to and accepted by New Fox Inc. and/or New Fox Holdings and/or New Fox CB, and/or they benefit from the continuing infringements.

27. Defendants' acts of infringement were and continue to be willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

28. As a direct and proximate result of said infringements by the Defendants, Plaintiffs are entitled to statutory damages in an amount to be determined at trial, if the Plaintiffs so elect.

29. Plaintiffs are also entitled to the reasonable royalties or license fees Plaintiffs should have received from each of the Defendants for the use of their copyright-protected works, and/or Defendants' profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), including an accounting of such profits, and/or any other damages suffered by reason of dilution of sales of copyright licenses by Red Label or Renaissance, loss of goodwill inherent in the Super Bowl Shuffle, or otherwise.

30. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

31. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

32. On information and belief, unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Shuffle words, music, sound recording, and music video. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, the Plaintiffs respectfully request that:

A. Until this case is decided, and permanently thereafter, the Defendants, the Defendants' agents, and all persons actively in concert with the Defendants, be enjoined from reproducing, selling, distributing, displaying, or performing any portion of the works containing Super Bowl Shuffle words, music, sound recording or audio visual works, or portions thereof, and from maintain links to the Shuffle audio visual work;

B. The Defendants be ordered to account for and pay as damages to the Plaintiffs all profits and advantages gained from their copyright infringement and/or the reasonable royalties or

license fees Plaintiffs should have received from each of the Defendants for their use and exploitation of the Plaintiffs' copyright-protected works, and/or any other damages suffered by reason of dilution of sales of copyright licenses by Red Label or Renaissance, loss of goodwill inherent in the Super Bowl Shuffle, or otherwise, or, in the alternative, statutory damages if elected by Plaintiffs, whichever is greater, such damages estimated to be in excess of USD $1,000,000.00;

     C.     The Defendants be ordered to destroy or deliver for impoundment all copies of the infringing works in the Defendants' possession or control, and all materials used for making infringing copies;

     D.     The Defendants be ordered to pay the Plaintiffs interest, costs, and reasonable attorney's fees; and

     E.     The Plaintiffs be awarded all other just relief.

PLAINTIFFS DEMAND TRIAL BY 12-PERSON JURY ON ALL MATTERS TO THE EXTENT PERMITTED BY APPLICABLE LAW.

November 26, 2018

| | |
|---|---|
| Gregg Minkow<br>Minkow & Bergman, Ltd.<br>123 N. Wacker Drive, Suite 250<br>Chicago, IL 60606<br>Phone: (847) 489-6999<br>Fax: (847) 753-9974<br>E-Mail: gminkow@minkowbergman.com<br>Atty. ID 6181058 | RED LABEL MUSIC PUBLISHING, INC. and RENAISSANCE MARKETING CORPORATION, Plaintiffs<br><br>By:    s/Gregg I. Minkow_____<br>               One of Their Attorneys |

Samuel G. Levin
Law Office of Samuel G. Levin
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
Phone:   708-646-3326
Email:   samlevinlaw@gmail.com
Atty. ID: 6190408